**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LI LIE NG,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 10-73089<br><br>Agency No. A099-419-019<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2014[**]
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Ng, a native and citizen of Indonesia, petitions for review of a decision of

the Board of Immigration Appeals (BIA) dismissing her appeal from an

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's (IJ) decision denying her application for asylum.[1]  We have

jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the BIA's determination that the incidents Ng

experienced (the burning of her family home and suffering a burn to her leg) in

Indonesia during the May 1998 riots, even considered cumulatively, did not rise to

the level of past persecution.  *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir.

2009)  (harassment, threats, and one beating did not compel finding of past

persecution).   Further, the record does not compel a conclusion different from the

BIA's determination that Ng's sister's rape, while deplorable, was not based on a

pattern of persecution related to Ng herself.  *See Wakkary v. Holder*, 558 F.3d

1049, 1060 (9th Cir. 2009).

Substantial evidence also supports the BIA's conclusion that Ng failed to

present evidence of an individualized risk of future persecution based on a

disfavored group analysis, and thus that she did not establish a well-founded fear

of future persecution.  *See Lolong v. Gonzales*, 484 F.3d 1173, 1180-81 (9th Cir.

2007) (en banc) (holding that petitioner was ineligible for asylum in part because

she presented no evidence of individualized risk of future persecution).  Ng did not

---

[1]  Ng failed to raise her claims for withholding of removal and protection
under CAT in her opening brief.  Therefore, she waived those issues.  *See
Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

2

present any evidence that she or members of her family were individually targeted. The only incident of persecution was based on the civil unrest that targeted all ethnic Chinese, which occurred during the May 1998 riots.

**PETITION FOR REVIEW DENIED.**